**In re Stephen M. YAMIN,**
**Involuntary Debtor.**

**Bankruptcy No. 84–03932–H3–2.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

March 26, 1986.

William A. Short, Jr., Houston, Tex., for Stephen M. Yamin, involuntary debtor.

Susan E. Peters, Stokes & Peters, Houston, Tex., for involuntary debtor.

Pamela A. Prestridge, Hirsch & Westheimer, P.C., Houston, Tex., for petitioning creditor, Intern. Trading Co.

James L. McKey, Houston, Tex., for petitioning creditor, Rosemary Ellefson.

John Moody, Robert Winn, Houston, Tex., for petitioning creditor, Dan Moody.

## MEMORANDUM AND ORDER DENYING DEBTOR'S MOTION FOR NEW TRIAL

EDWARD J. RYAN, Bankruptcy Judge.

On the 10th day of March, 1986, Stephen M. Yamin, Involuntary Debtor, herein, filed his motion for new trial in the above-styled and numbered involuntary Chapter 7 proceeding. Debtor's application set forth in pertinent part the following:

"1. This Involuntary Chapter 7 proceeding was filed herein in July, 1984, by three (3) petitioning creditors, to-wit: International Trading Company, Dan Moody, and Rosemary Ellefson. After a trial on the merits, an Order for Relief was signed by the Court on February 27, 1986, and docketed on February 28, 1986. Same was entitled Decision and Memorandum on Settlement of Proposal Findings of Fact and Conclusions of Law. Said Order found Stephen M. Yamin, Involuntary Debtor, hereinafter called "Movant" to be a debtor for which an order for relief should be entered on the grounds that he was not paying his debts as they matured.

2. Movant would show unto the court that the court erred as a matter of law in ruling that Movant had failed to pay his debts as they matured. The evidence introduced at trial showed that Movant had paid over $1,000,000 worth of debts and that the remaining indebtednesses were relatively small. Evidence introduced at the trial also showed that Debtor had worked out certain payment agreements with other of his creditors. Therefore, the petitioning creditors failed to prove as a matter of law that Movant was not paying his debts as they matured. As a result the request for Order for Relief should have been denied.

3. Movant therefore requests that this Court enter its order for New trial on the merits based upon the grounds set out above.

WHEREFORE, PREMISES CONSIDERED, STEPHEN M. YAMIN, Involuntary Debtor, respectfully prays that this court grant his Motion for New Trial in the above-styled and numbered Involuntary Chapter 7 proceeding for the reasons set out herein."

Debtor failed to provide this court with any citations of authorities in his motion for new trial.

By response the petitioning creditors argue that debtor's motion for new trial

should not be granted because debtor is merely trying to relitigate old matters, which have already been decided at trial.

There was no error of law that would require a new trial on the merits, as requested by debtor. The evidence clearly showed longstanding, substantial debts owed by debtor that were not being paid as they became due, despite various negotiations and settlement agreements for alleged payments of those debts to the petitioning creditors.

Debtor's motion for new trial is denied.